Argued and submitted March 31, 1999, affirmed January 26, appellant's petition for reconsideration filed February 23 allowed by opinion June 28, 2000
See 168 Or App 525 (2000)

# STATE OF OREGON,
*Respondent,*

*v.*

# JACK JULIUS OWNBEY,
*Appellant.*

## (C9611-38901; CA A99080)

996 P2d 510

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

## DEITS, C. J.

Defendant was convicted, on stipulated facts, of manufacture of a controlled substance, marijuana, and possession of a controlled substance, marijuana. ORS 475.992; ORS 475.996.[1] Before trial, the court granted the state's motion *in limine* requesting that defendant not be allowed to present evidence that would support a choice-of-evils defense.[2] Defendant assigns error to the trial court's granting of the state's motion. We review for errors of law and affirm.

Defendant is a veteran of the Vietnam war. He has been diagnosed with Post-Traumatic Stress Syndrome (PTSD). At the hearing on the state's motion *in limine*, defendant argued that he should be allowed to present evidence to show that he has suffered from this disorder for some time and that, although he has sought traditional medical treatment, the only substance that alleviates his symptoms is marijuana. In his defense to the charges against him, defendant intended to show that "his actions in growing marijuana and possessing marijuana were as a result of medical necessity or choice of evils."

■ Before trial, defendant requested jury instructions on the choice-of-evils defense. In response to that request, the state made its motion *in limine*, asking the trial court to exclude any evidence pertaining to the choice-of-evils defense. ORS 161.200, codifies that defense in Oregon. It provides:

"(1) *Unless inconsistent with * * * some other provision of law*, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

[1] ORS 475.996 states the circumstances under which a violation of ORS 475.992 (manufacture, delivery, or possession of a controlled substance) constitutes a commercial drug offense. Defendant limited his stipulation on the commercial category subfactors to substantial quantity, modification of structure and possession of paraphernalia. Defendant also was charged with delivery of a controlled substance, but the state agreed to dismiss that charge without prejudice when defendant stipulated to the other charges.

[2] The trial court ruled that the statutory choice-of-evils defense superseded the common-law defense of necessity and defendant does not challenge that holding.

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2) The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder." (Emphasis added.)

The trial court granted the state's motion on the ground that, under ORS 161.200, the choice-of-evils defense was not available to defendant because it was inconsistent with other provisions of law. The court explained:

"In our case the Legislature has anticipated the choice of evils and determined the balance to be struck between competing values. And the defendants and the Court are precluded from reassessing those values to determine whether certain conduct is justified when we have a statutory construct such as we do."

We agree with the trial court's conclusion. In *State v. Clowes,* 310 Or 686, 801 P2d 789 (1990), the Supreme Court articulated the analysis necessary to determine whether a choice-of-evils defense is available to a defendant. Under that analysis, we must first determine "[i]f allowing the defense would be 'inconsistent with some other provision of law[.]' " If so, then "it may not be asserted." *Id.* at 696. Although the phrase "inconsistent with some other provision of law" is not defined in ORS 161.200, the court in *Clowes* explained that that language means " 'that the legislature's decision prevails if and when it makes specific value choices,' and that ' "competing values which have been foreclosed by deliberate legislative choice are excluded from the general defense of justification[.]" ' " *Id.* at 698 (quoting *City of St. Louis v. Klocker,* 637 SW2d 174, 177 (Mo App 1982)).

■      Therefore, the critical question here is whether the legislature has made deliberate choices that would exclude the choice-of-evils defense that defendant wishes to assert in this case. Defendant argues that he should be allowed the

choice-of-evils defense here because his use of marijuana was medically necessary to treat a diagnosed illness and, consequently, his choice to use marijuana to treat his PTSD was a lesser evil than letting his condition remain untreated. That is an issue that the legislature has confronted several times and has made a deliberate choice. The legislature and the voters of this state have considered the use of marijuana for medical purposes and, at the time of defendant's offense, the legislature had concluded that the use of marijuana for medical treatment under these circumstances should not be allowed.[3] To allow defendant to present a choice-of-evils defense in this case would be inconsistent with the law in existence at the time of defendant's offense.

■ Defendant argues that if "inconsistent * * * with some other provision of law" means that the legislature has considered a matter and made it illegal, then that effectively does away with a choice-of-evils defense because the defense necessarily involves committing an illegal act. However, what defendant fails to recognize is that "[t]he defense of necessity is available only in situations wherein the legislature has not itself, in its criminal statute, made a determination of values." Wayne R. LaFave & Austin W. Scott, Jr., *Handbook on Criminal Law*, 382 (1972). If the legislature has not made such a value judgment, then the defense would be available. However, when, as here, the legislature has already balanced the competing values that would be presented in a choice-of-evils defense and made a choice, the court is precluded from reassessing that judgment.

---

[3] In 1979, the Oregon Legislature enacted ORS 475.505 *et seq.* allowing physicians to prescribe marijuana to patients undergoing chemotherapy and for the treatment of glaucoma. The legislature repealed ORS 475.505 *et seq.* in 1987. The Oregon Legislature again considered legalizing marijuana for medical use in 1993 and 1997, but did not do so.

The voters of the State of Oregon have also addressed this issue. In fact, since this case was briefed and argued, the 1999 Legislature again addressed this issue in response to a measure passed by voters in 1998. The measure itself, the Oregon Medical Marijuana Act, allows the use of marijuana for medical purposes within specified limits. The 1999 Legislature subsequently amended portions of that act to "clarify" it. Because the act establishes a defense that expressly applies only to acts or offenses committed on or after December 3, 1998, it does not affect the outcome of this case.

Finally, defendant relies on two cases from the State of Washington in which the defendants were allowed to use the medical necessity defense in response to charges of marijuana possession. *State v. Cole,* 74 Wash App 571, 974 P2d 878 (1994); *State v. Diana,* 24 Wash App 908, 604 P2d 1312 (1979). Of course, we are not bound by Washington case law, although we occasionally seek guidance from the reasoning of courts of other states. In any event, a more recent case from Washington, reached the opposite result from that desired by defendant. The Washington court articulated its reasoning as follows:

> "[T]he decision of whether there is an accepted medical use for particular drugs has been vested in the Legislature by the Washington Constitution. The Legislature has determined that marijuana has no accepted medical use. Williams has no fundamental right to have marijuana as his preferred treatment over the State's objections. Further, if the debate over medical treatment belongs in the political arena, it makes no sense for the courts to fashion a defense whereby jurors weigh experts' testimony on the medical uses of a Schedule I drug. Otherwise, each trial would become a battlefield of experts. But the Legislature has designated the battlefield as the Board of Pharmacy. The Washington Constitution has not enabled each individual to be the final arbiter of the medicine he is entitled to take—it is the Legislature that has been authorized to make laws to regulate the sale of medicines and drugs.[4] *Seeley* [*v. State*, 132 Wash 2d 776, 940 P2d 604 (1997)] by implication, overrules both *Cole and Diana.* Thus, our holding is that with respect to Schedule I drugs, there is not a defense of medical necessity." *State v. Williams,* 93 Wash App 340, 968 P2d 26, 30 (1998), *rev den* 138 Wash 2d 1002, 984 P2d 1034 (1999).

---

"[4] We note that in November 1998, the people of Washington passed an initiative, No. 692, that would legalize the use of marijuana for medical purposes under certain conditions."

We conclude that the trial court here properly excluded evidence of a choice-of-evils defense.

Affirmed.