On appellant's petition for reconsideration filed February 23, petition for reconsideration allowed; opinion (165 Or App 132, 996 P2d 510) adhered to June 28, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## JACK JULIUS OWNBEY,
*Appellant.*

(C9611-38901; CA A99080)

7 P3d 653

David C. Degner, Deputy Public Defender, for petition.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Ann Kelley, Assistant Attorney General, for response.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

**DEITS, C. J.**

Defendant petitions for reconsideration of our opinion in *State v. Ownbey*, 165 Or App 132, 996 P2d 510 (2000), in which we affirmed the trial court's grant of the state's motion *in limine* requesting that defendant not be allowed to present evidence that would support a choice-of-evils defense. Defendant maintains that in doing so we incorrectly applied the law. ORAP 6.25(1)(e). We allow the petition but adhere to our opinion. We write only to address defendant's assertion that we erred in our decision when we "equated legislative history with a 'provision of law.'"

As we explained in our earlier decision in this case, in deciding if a choice-of-evils defense is available to a defendant, we must first determine "[i]f allowing the defense would be 'inconsistent with some other provision of law[.].'" *State v. Clowes*, 310 Or 686, 801 P2d 789 (1990). We noted that the court in *Clowes* explained that the phrase "inconsistent with some other provision of law" meant

> "'that the legislature's decision prevails if and when it makes specific value choices,' and that ' "competing values which have been foreclosed by deliberate legislative choice are excluded from the general defense of justification[.]"'" *Id.* at 698 (quoting *City of St. Louis v. Klocker*, 637 SW2d 174, 177 (Mo App 1982)).

Defendant argues in his petition for reconsideration that a choice-of-evils defense is inconsistent with some other provision of law "only if a criminal statute specifically precludes or limits [the defense]" and that we erred by considering the enactment and repeal of statutes. We do not agree that we are so limited. The enactment and repeal of statutes involves a deliberate legislative choice that is part of the context of a statute. In considering the legislature's enactment and repeal of ORS 475.505, we did not, as defendant contends, equate legislative history with a "provision of law."[1]

---

[1] It is unnecessary to decide whether it would be permissible to rely *only* on the voters' or the legislature's rejection of a particular defense for purposes of determining whether a choice-of-evils defense is available, because our decision here was not dependent on such an action.

Petition for reconsideration allowed; decision adhered to.